No. 2944.—THE STATE OF LOUISIANA, ex rel. A. BONNABEL, v. THE POLICE JURY OF JEFFERSON, LEFT BANK.

The writ of mandamus will not lie to compel the police jury of a parish to make a contract or pass an ordinance authorizing the construction or shelling of a public road which, by the terms of the act authorizing it, they have a discretion to do or not to do.

APPEAL from the District Court, parish of Jefferson. *Pardee, J.. Hornor & Benedict,* for relator, appellant. *W. B. Hyman* and *Josiah Fisk,* for defendants and appellees.

HOWE, J. This was an action for a mandamus to compel the respondents to proceed and construct a shellroad in their parish, in accordance with what the relator considered the peremptory directions of an act of the Legislature, entitled " An Act to provide for the construction of a shellroad in the parish of Jefferson by the police jury of the left bank of said parish," etc., approved March 16, 1870.

The district judge was of opinion that the statute referred to was not mandatory in its nature, but, on the contrary, left in the discretion of the respondents the question whether the road should be built or not, merely providing that, if they should build it, its construction must be begun and proceeded with in a certain time and a certain way, and he therefore refused the writ. The relator has appealed.

We do not think the judge was in error. The question was of the construction of a costly improvement, the expense of which was to be in large measure borne by certain owners of property in the neighborhood. It is evident that, in the opinion of the local authorities, the police jury, the work was not needful, or even desirable. Under such circumstances, it seems plain that a mandamus ought not to issue unless the duty of the jury is perfectly clear—their neglect of it perfectly evident. Such does not appear to be the case. The first section of the act declares merely that the police jury is " hereby authorized and empowered to pass and adopt, within ten days from the passage of this act, the necessary ordinances and resolutions for the construction " of the road, and it is not clear that the repeated use of mandatory language in the subsequent sections had any other intent than to impose upon the local authorities a certain method of operation, in case they should choose to initiate the work.

For these reasons, it is ordered that the judgment appealed from be affirmed, with costs.